# MEMORANDUM ENDORSED

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA ,          :          CASE NUMBER  346  89 CR (B-6) (SWK)

          vs.                          :          <u>PRELIMINARY NOTICE TO THE COURT OF</u>
                                                <u>DEFENDANT'S INTENT TO ATTACK SENTENCE</u>
GEORGE RIVERA ,                      :          <u>AND CONVICTION PURSUANT TO 28 UNITED</u>
                                                <u>STATES CODE , SECTION 2255</u>
    Defendant-Movant ,          :

MAY IT PLEASE THE COURT  :

    THE UNDERSIGNED DEFENDANT , hereby submits his preliminary notice to the Court of his intent to proceed with collateral attack on the sentence and the conviction , in the above-numbered criminal cause , pursuant to 28 United States Code , Section 2255 , and would request that the Court approve Defendant's attached application to proceed in forma pauperis pursuant to 28 United States Code , Section 1915 .

    The Defendant will allege a <u>Federal Rules of Criminal Procedure</u> , Rule 43 violation of constitutional magnitude concerning deprivation of fifth , sixth , and fourteenth amendment rights , in his anticipated 2255 motion .

    Soon after forma pauperis is established herein this matter , the Defendant anticipates a request to the Court , for good cause shown , leave of the Court to invoke the process of discovery available under the <u>Fed. R. Crim. Proc.</u>, Rule 16 and <u>Fed. R. Civ. Proc.</u> , Rule 26 , [ Rule 6 ] and appointment of counsel under 18 U.S.C. , 3006A , the Criminal Justice Act , for effective utilization of that process .

    RESPECTFULLY SUBMITTED  this 14th day of January , 1994 , pursuant to the mailing standard set forth under <u>Houston v Lack</u> , 101 L.Ed.2d 245 .

*Application granted .*

**SO ORDERED**

JUDGE SHIRLEY WOHL KRAM
U.S.D.J.

Dated: February 22, 1994
New York, N.Y.

GEORGE RIVERA      DEFENDANT-MOVANT
REG. NO.  16231-054     USPTH
BOX 33
TERRE HAUTE , INDIANA  47808

U.S. DISTRICT COURT
FILED
FEB 22 1994
S. D. OF N.Y.

MICROFILM 9 MAY FEB 23 1994

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

GEORGE RIVERA,
      MOVANT.


     vs.


UNITED STATES OF AMERICA,
          RESPONDENT.

MEMORANDUM OF LAW

IN SUPPORT OF MOTION TO

VACATE JUDGEMENT AND SENTENCE

GEORGE RIVERA,PRO-SE
REG.# 16231-054
U.S.P. LEWISBURG
P.O. BOX 1000
LEWISBURG,Pa. 17837

## TABLE OF CONTENTS

PAGES

TABLE OF AUTHORITIES....................................................... 1

PRELIMINARY STATEMENT...................................................... 1

STATEMENT OF THE CASE...................................................... 2

ARGUMENT:

POINT I        MOVANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO BE PRESENT

AND TO PARTICIPATE DURING THE VOIR-DIRE PROCESS OF THE

SELECTION OF HIS JURY....................................... 4

POINT II      MOVANT DID NOT WAIVE HIS CONSTITUTIONALLY PROTECTED RIGHT

TO PARTICIPATE AND TO BE PRESENT DURING THE VOIR-DIRE

PROCESS OF THE IMPANELLING OF HIS JURY,NOR DID HE

AUTHORIZE COUNSEL TO WAIVE SUCH RIGHT ON HIS BEHALF........ 5

POINT III     MOVANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL........... 7

POINT IV      MOVANTS CONVICTION AND CIVIL FORFEITURE WERE SEPERATE

PROCEEDINGS WHICH IMPOSED PUNISHMENT IN VIOLATION OF THE

DOUBLE JEOPARDY CLAUSE.................................... 9

CONCLUSION............................................................... 10

## TABLE OF AUTHORITIES

PAGES

Carnely v. Cochran, 369 U.S. 506 (1962)........................................... 7

Chapman v. California, 386 U.S. 18 (1967)......................................... 8

Crosby v. United States, 113 S.Ct. 748 (1993).................................... 6

Brady v. United States, 397 U.S. 742 (1970)...................................... 6

Diaz v. United States, 223 U.S. 442 (1912)....................................... 6

Faretta v.California, 422 U.S. 806 (1975)........................................ 5

Illinois v. Allen, 397 U.S. 337 (1970)........................................... 4,6

Johnson v. zerbst, 304 U.S. 458 (1938)........................................... 6,7

Kentucky v. Stincer, 482 U.S. 730 (1987)......................................... 6

Lewis v. United States, 146 U.S. 370 (1892)...................................... 4,5,8

Mochibroda v. United States, 368 U.S. 487 (1961)................................. 10

Polizzi v. United States, 926 F.2d 1311 (2nd Cir. 1991).......................... 6

Snyder v. Massachusetts, 291 U.S. 97 (1934)...................................... 5,6

Strickland v. Washington, 466 U.S. 668 (1984).................................... 7

Taylor v. United States, 414 U.S. 17 (1973)..................................... 6

United States v. Alessandrello, 637 F.2d 131 (3rd Cir. 1980)..................... 5

United States v. Camacho, 955 F.2d 950 (4th Cir. 1992)........................... 6

United States v. Crutcher, 405 F.2d 239 (2nd Cir. 1968).......................... 5,6,8

United States v. Doe, 964 F.2d 157 (2nd Cir. 1992)............................... 6

United States v. Frady, 456 U.S. 152 (1982)...................................... 8,9

United States v. Hernandez, 873 F.2d 516 (2nd Cir. 1989)......................... 6


FIFTH AMENDMENT OF THE U.S. CONSTITUTION.......................................... 3
SIXTH AMENDMENT OF THE U.S. CONSTITUTION.......................................... 3,4
RULE 43 FEDERAL RULES OF CRIMINAL PROCEDURE....................................... PASSIM
4 W. BLACKSTONE COMMENTARIES * 353................................................ 5
3 A.C. WRIGHT, FEDERAL PRACTICE AND PROCEDURE..................................... 4

PRELIMINARY STATEMENT

   For the following reasons, the movant, George Rivera, Pro se, respectfully moves this Court to vacate the judgement and sentence in case Numbered 89-cr.346(SWK):

   1) Movant was denied his constitutional right to be present and to participate

      during the voir-dire process of the selection of his jury;

   2) Movant did not waive his constitutionally protected right

      to participate and to be present during the voir-dire

      process of the impanelling of his jury,nor did he authorize counsel

      to waive such right on his behalf;

   3) Movant was denied effective assistance of counsel where counsel

      failed to raise objections toward the illegal voir-dire process

      and where counsel failed to protect movant's right to be an "active

      participant" and to be meaningfully present during a critical

      stage of the proceedings against him;

   4) Movant's conviction and civil forfeiture were seperate proceedings

      which imposed punishment in violation of the double jeopardy clause.


These issues are more fully set forth herein after.Said motion is filed pursuant to the provisions of 28 U.S.C. 2255.

(1)

## STATEMENT OF THE CASE

In a fourteen Count indictment, the Grand Jury sitting in the Southern District of New York charged the movant and five codefendants with various drug related offenses which consisted, principally, with violations of, 21 U.S.C. 841 (possession of a controlled substance) count's 1, and 3-9; 21 U.S.C. section 848 (continuing criminal enterprise) count 2; 21 U.S.C. 846 (conspiracy to distribute heroin) count 1; 18 U.S.C. section 924(c)(1)(use and carrying of a fire arm in relation to a drug trafficking crime) count's 10-13; and 26 U.S.C. section 7201(attempted tax evasion) count 14.

On August 27, 1990, proceedings for the selection of a jury commenced, and it was conducted in the manner as described below:

The movant and codefendant's were seated at the defense table which was located approximately 18 feet away from the bench of the Court. Defense counsels and the prosecutors took standing positions around the front of the bar. The prospective jurors were seated in the jury box and the stands. Individually, one at a time, by sequence not by name, each prospective juror was asked to approach the bar where he/she was closely surrounded by defense attornies and counsel for the goverment. Each prospective juror was questioned in a veiled and obscured manner which prohibitted the defendant's to be within voice range, and cognizant of the actual(spoken)word, encompassing the questions and answers actually posed to the prospective jurors by the Court. The contents of the conversations between the Court, counsel for both sides and prospective jurors was purposely conducted at a low tone to assure that the conversations were not heard by the defendant's, who were seated at the defense table. Following the questioning of an individual juror, he/she would return to his/her seat and another prospective juror would walk to the bar where counsel for the goverment and defense would repeat the same process. All the Prospective jurors were voir-dired in this same manner, totally out of the defendant's hearing and completely absent of any participation by the defendant's. During one of the recesses, before the marshals escorted the movant from the Court room, the movant complained to his counsel about the manner in which the jury

(2)

was secretly being impanelled beyond his hearing without his assistance or parti-
cipation. Counsel told the movant that the judge had ordered the jury be sequesterd and
voir-dired in this manner. The defendant has no knowledge, nor has he been made aware of
any threats or bribe attempts made to any jurors. In fact, throughout the voir-dire
proceedings, which commenced on August 27,1990, and concluded on September 12, 1990,
the prospective jurors and the five codefendant's who were on bail, on a daily basis
left the Court room together and often commuted on the same subway, even throughout the
trial. Movant's attorney did not consult with the movant at any time in the exercising
of the "challenges" to the jury; nor was the movant asked his feelings, satisfaction,
or dissatisfaction with the selection of the jury. Trial commenced on September 18th,
1990, and on November 16th, 1990, the jury returned with a guilty verdict on count's
1 and 14 (conspiracy to distribute heroin, and attempted tax evasion), and on April
30th, 1991, the Court sentenced the movant to a term of life imprisonment followed
by five years supervised release and a $ 25,000 fine.

      On January 6,  1992, a direct appeal was taken to the Second Circuit Court
of Appeals. The judgement was affirmed on July 30th, 1992. A Petition for a writ of
certiorari was denied by the U.S. Supreme Court. The voir-dire issue was not raised on
direct appeal, nor could it have been raised since no objection was made there on at
the trial court level. The movant submitts that the circumstances and events described
above deprived the the movant of his right to a fair trial; a fair and impartial
jury; due process of law; the right to be present at a critical stage of the pro-
ceedings against him; and, the effective assistance of counsel, which violated his
 fifth and sixth Amendments of the Constitution of the United States as shown by
the law and argument submitted herein after.
Additionally the movant has enclosed a motion supported by an affidavit and exhibitts
requesting a free of charge copy of the complete trial record in order to either amend
or spplement his motion to vacate and set aside his sentence and judgement.

ARGUMENT

POINT I :          THE MOVANT WAS DENIED HIS CONSTITUTIONAL RIGHTS TO BE

PRESENT AND TO PARTICIPATE IN THE VOIR-DIRE AND IMPA-

NELLING OF HIS JURY.


As pointed out in the statement of the case, supra, the movant was seated

approximately 18 feet away from the bar and was not able to hear any of the questions

asked or the answers given during the individual voir-dire because of the distance from

the bar and the lowered voices of the participants. Additionally, the movant's view of

the prospective jurors was limited and insufficient to provide him with an opportunity

to observe their faces, demeanor,or visceral reactions towards the questions asked of

them. Moreover, the defense attornies never consulted with the movant at any time

during the voir-dire to ask his opinion or feelings towards any of the prospective

jurors. Thus in effect, the movant was physically present, but excluded from all "actual"

participation in the proceedings. As a result of such procedure, the movant was denied

an opportunity to participate in the voir-dire process.

Federal Rule of Criminal Procedure 43 sets out the specifics for a defendant's

right to be present 1. It incorporates "[O]ne of the most basic of the rights guaranteed

by the confrontation clause [which] is the accused's right to be present in the court

room at every stage of his trial; " Illinois v. Allen, 397 U.S. 337, 338, 90 S.Ct.

1057, 1058, 25 L.Ed.2d 353 (1970) (citing Lewis v. U.S., 146 U.S. 370, 13 S.Ct. 136, 36

L.Ed. 1011 (1892), and is recgnized as broader than the confrontation protection of the

sixth Amendment, 3A C. Wright, Federal Practice and Procedure Sectoin 721 (2d Ed. 1982

& 1991 Supp.) In Lewis v. U.S., 146 U.S. at 378, 13 S.Ct. at 139, as Blackstone points

out,"how necessary it is that a prisoner... should have a good opinion of his jury the

1_____

Federal Rules of Criminal Procedure 43(a) provides, in pertinent part, that: "The

defendant shall be present at the arraingment, at the time of the plea, at every stage

of the trial including the impanelling of the jury and the return of the verdict.."

want of which might totally disconcert him; the law wills not that he should be tried

by any one man against whom he has conceived a prejudice even with out being able to

assign a reason for his dislike." 4 W. Blackstone, Commentaries * 353, quoted in,

LEWIS v. U.S., 146 U.S. at 376, 13 S.Ct. at 138. See U.S. v. Alessandrello, 637 F2d

131, 151 (3rd cir. 1980) (Hibbinbotham, j., dissenting),[2] cert. denied, 451 U.S. 949,

101 S.Ct. 2031, 68 L.Ed.2d 334 (1981) As Justice Cardozo, writing for the Court in

Snyder v. Massachusetts, 291 U.S. 97, 106, 54 S.Ct. 330, 332, 78 L.Ed. 674 (1934)

said,"the defense may be made easier if the accused is permitted to be present at

the examination of the jurors... for it will be in his power, if present, to give

advice or suggestions or even supersede his lawyers altogether and conduct the

trial himself." A defendant may form distinct impressions and prejudices " conceived

upon the bare looks and gestures " of proposed jury members.United States v. Crutcher,

405 F.2d 239, 244 (2nd cir. 1968) (quoting Lewis v. United States, 146 U.S. 370, 13

S.Ct. 136, 138, 36 L.Ed. 1011 (1892), cert. denied, 394 U.S. 908, 89 S.Ct. 1018, 22

L.Ed. 2d 219, (1969). A defendant " has a constitutional right to be present at all

stages of the trial when his absence might frustrate the fairness of the proceedings,"

quoting Faretta v. California, 422 U.S. 806, 819 n. 15 95 S.Ct. 2525, 2533 n. 15, 45

L.Ed. 2d 562 (1975).

POINT II:     THE MOVANT DID NOT WAIVE HIS RIGHT TO PARTICIPATE
              AND TO BE PRESENT DURING THE VOIR—DIRE PROCESS OF
              THE JURY SELECTION, NOR DID HE AUTHORIZE DEFENSE
              COUNSEL TO WAIVE SUCH RIGHT ON HIS BEHALF.

The movant recognizes the well established principle of law that despite its

constitutional and statutory underpinnings, the right of presence may be waived

---

2

Judge Higginbotham, writing in dissent in Alessandrello, supra, also indicated that
while the defendant's presence at the bench is critical to the attainment of an impar-
tial jury and hence an impartial trial, it is also necessary "to the appearance of
impartiality." 637 F.2d at 151.

as long as the waiver is both knowing and voluntary. <u>Johnson v. zerbst</u>, 304 U.S. 458, 464-65, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938), <u>Brady v. United States</u>, 397 U.S. 742, 748, 90 S.Ct. 1463, 1468. 25 L.Ed. 2d 747 (1970).

A defendant has a right to be present at all stages of his trial under both the sixth Amendment and Federal Rules of Criminal Procedure 43. see <u>Illinois v. Allen</u>, 397 U.S. 337, 338, 90 S.Ct. 1057, 1058, 25 L.Ed.2d 353 (1970). In addition, under the due process clause of the fifth Amendment, a defendant must be present "to the extent that a fair and just hearing would be thwarted by his absence." <u>Kentucky v. Stincer</u>, 482 U.S. 730, 745, 107 S.Ct. 2658, 3667, 96 L.Ed.2d 631 (1987) (quoting <u>Snyder v. Massachusetts</u>, 291 U.S. 97, 108, 54 S.Ct. 330, 333, 78 L.Ed. 674 (1934)). Under certain circumstances, a defendant may waive  his right to be present. See <u>Diaz v. United States</u>, 223 U.S. 442, 456-58, 32 S.Ct. 250, 254-55, 56 L.Ed. 500 (1912); See also <u>Crosby v. United States</u>, ___U.S.___, 113 S.Ct. 748, 122 L.Ed.2d 25 (1993) ( Holding that Rule 43 prohibits the trial in absentia of a defendant who is not present at the beginning of the trial); <u>Taylor v. United States</u>, 414 U.S. 17, 20, 94 S.Ct. 194, 196, 38 L.Ed.2d 174 (1973) (confirming the Constitutionality of Rule 43); <u>United States v. Hernandez</u>, 873 F.2d 516, 518 (2nd cir. 1989). However, the waiver must be both know-ing and voluntary. <u>Taylor</u>, 414 U.S. at 18-20, 94 S.Ct. at 194-96; <u>Diaz</u>, 223 U.S. at 455-58, 32 S.Ct. at 254-55. In addition, the Court "must indulge every reasonable pre-sumption against the loss of Constitutional rights." <u>Allen</u>, 397 U.S. at 343, 90 S.Ct. at 1060 (citing <u>Johnson v. Zerbst</u>, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938); <u>United States v. Camacho</u>, 955 F.2d. 950, 953 (4th cir. 1992) ; <u>Crutcher</u>, 405 F.2d. at 243. The United States Court of Appeal for the Second Circuit has deter-mined that "waiver by counsel of defendant's right to be present during the proceedings is valid when made in the presence of the defendant." <u>United States v. Doe</u>, 964 F.2d 157, 159 (2nd cir. 1992) (citing <u>Polizzi v. United States</u>, 926 F.2d 1311 (2nd cir. 1991) at 1322-23, cert. denied,___U.S.___, 113 S.Ct. 628, 121 L.Ed.2d 560 (1992).

(6)

In the case sub judice, movant did not knowing and voluntarily "relinquish a known right," [ since neither the Court nor his attorney made him aware that he was entitled to "hear" the jury voir-dire proceedings and take an "active participation" therein]; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357 (1938). "Presumming waiver from a silent record is impermissable," Carnely v. Cochran, 369 U.S. 506 (1962).


POINT III:    MOVANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL
              WHEN COUNSEL FAILED TO OBJECT TO THE ILLEGAL
              VOIR-DIRE PROCESS AND WHERE COUNSEL FAILED TO
              PROTECT MOVANT'S RIGHT TO BE AN ACTIVE PARTI-
              CIPANT AND  MEANINGFULLY PRESENT DURING A CRI-
              TICAL STAGE OF THE PROCEEDINGS.

To prevail on a claim of ineffective assistance of counsel, a defendant must first show that "counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), and second that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," Id. at 694, 104 S.Ct. at 2064.

Movant respectfully submits that the first prong of the Strickland test is easily met in that it is reasonably certain that counsel knew, or should have known that movant had a right to be "meaningfully present" during the impanelling of his jury and certainly the privilege to "participate" in the selection thereof. Thus, counsel's failure to secure and to protect movant from the loss of this right [ where no obvious reason not to do such does not exist. e.g., jury tampering, danger to the jurors, sensitive or embarassing nature of the case, etc.] fell below an objective standard of reasonableness."

The second prong of the Strickland test is not as easily overcome be-cause movant has no way of measuring the prejudice he may, or may not have suf-fered had he been allowed to participate in the selection of the jury and perhaps

"seated" some of the individuals he may have liked the "looks" of or of whom he
received "good vibes" or "warm instincts" from.However, the movant was prejudiced
by the loss of his right to be meaningfully present at a critical stage of the
trial proceeding, to see, hear, and participate in the jury voir-dire.

      As this Court noted in United States v. Crutcher, 405 F.2d 239 (1968),
in a similar situation, that a defendant's absence during the impanelling of a jury
might be too basic to be treated as harmless, see also United States v. Clark, 475
F.2d 240, 247 (2nd cir. 1973), we did so on the ground that his absence during
jury selection might prejudice him in ways impossible to determine on an appellate
record, because it would deny him " his prerogative to challenge a juror simply on
the basis of"sudden impressions and unaccountable prejudices we are apt to conceive
upon the bare looks [or] gestures of another". 405 F.2d at 244, quoting Lewis v.
United States, 146 U.S. 370, 376, 13 S.Ct. 136, 36 L.Ed. 1011 (1892).


      And ,in refusing to apply harmless error the Court commented that the
Supreme Court in Chapman v. California, 386 U.S. 18, 21, 87 S.Ct. 824, 17 L.Ed.2d
705 (1967), noted that some of "our prior cases have indicated that there are some
Constitutional rights so basic to a fair trial that their infraction can naver be
treated as harmless error." Nevertheless, there does exist a "reasonable probability
that, but for counsel's unprofessional errors, the result of the proceeding would
have been diffrent," in view of the fact that the jury was unable to reach a ver-
dict on 12 counts of the fourteen count indictment. Thus it is reasonably probable
that a different array of jurors would have returned a not guilty verdict on all
counts.

      In closing, movant states for the purpose of satisfying the "cause and
prejudice" test of United States v. Frady, 456 U.S. 152 (1982), that this issue
was not raised on direct appeal because trial counsel failed to raise proper

(8)

objections thereon which would have secured the right to appellate review [ appellate Courts cannot entertain issues which were not presented first in the lower Court ], and the movant did not voice his personal objection on the infraction because <u>at the time</u> [ during voir-dire ] he did not know that such procedure <u>was</u> an infraction of his rights. Movant became aware of the infraction years later during imprisonment while studying law books in the prison law library. Therefore, the "cause and preju-dice" doctrine found in <u>Frady</u> should not be applicable in reaching the merits of this petition.

<u>POINT IV:</u>      <u>MOVANTS CONVICTION AND CIVIL FORFEITURE</u>
<u>WERE SEPERATE PROCEEDINGS WHICH IMPOSED</u>
<u>PUNISHMENT IN VIOLATION OF DOUBLE JEO-</u>
<u>PARDY CLAUSE.</u>

The movant is not ready to litigate the issue of double jeopardy regarding the Civil Forfeiture and Criminal conviction,resulting from his need of the trial record in order to substantiate his claim.

(9)

CONCLUSION

       Wherefore, for the reasons set forth above, the movant respectfully moves this Honorable Court to vacate the judgement and sentence in the herein numbered case, and set this matter on the Court docket for a full and prompt evidentiary hearing. Machibroda v. United States, 368 U.S. 487 (1961). Finally the movant also request reconsideration of his motion for production of his trial transcripts and documents entered into evidence, free of charge.

*George Rivera*

Respectfully submitted,

*Geo Rivera*

George Rivera, Pro-se
Reg. No. 16231-054
Unit Segregation
U.S.P. Lewisburg
P.O.Box 1000
Lewisburg,Pa. 17837

This 10th DAY of MAY, 1996

"A. GIORDANI, PAROLE OFFICER"
AUTHORIZED BY ACT OF JULY 7, 1955
TO ADMINISTER OATHS
(18 U.S.C. 4004)

(10)