USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/21/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

GEORGE RIVERA,                        :

                                      :        89 Crim. 346 (LAP)

                   Petitioner,        :

                                      :        94 Civ. 951 (LAP)

         -against-                    :

                                      :        MEMORANDUM AND ORDER

UNITED STATES OF AMERICA,             :

                                      :

                   Respondent.        :
------------------------------------X

LORETTA A. PRESKA, Chief United States District Judge:

         On November 16, 1990, George Rivera ("Petitioner") was

convicted of (1) conspiring to distribute and to possess with

intent to distribute in excess of one kilogram of heroin in

violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846 and

(2) attempted income tax evasion for the calendar year 1988 in

violation of 26 U.S.C. § 7201. See United States v. Rivera, 971

F.2d 876, 880-82 (2d Cir. 1992). Petitioner was sentenced to

life imprisonment on April 24, 1991, and the Court of Appeals

affirmed the conviction and sentence. See generally id.

         On January 25, 1994, Petitioner filed a petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2255; the petition

challenged, inter alia, the manner in which the jury was

selected at his criminal trial. [See Dkt. No. 1 in 94 Civ.

951.] On November 20, 1996, Judge Kram denied the petition on

the grounds that Petitioner's claims were procedurally barred

and lacked merit.   [See Dkt. No. 3 in 94 Civ. 951.]   The Court

of Appeals affirmed Judge Kram's decision.   Rivera v. United

States ("Rivera II"), 159 F.3d 1348 (2d Cir. 1998) (summary

order).   On October 21, 2008, Petitioner, proceeding pro se,

filed the instant application to reopen these proceedings [Dkt.

No. 808 in 89 Crim. 346].

Petitioner brings this motion under Federal Rules of

Civil Procedure 60(b)(3) and 60(d).[1]   Rule 60(b)(3) provides that

"[o]n motion and just terms, the court may relieve a party or

its legal representative from a final judgment, order, or

proceeding for . . . fraud (whether previously called intrinsic

or extrinsic), misrepresentation, or misconduct by an opposing

party."   Challenges under Rule 60(b)(3) must be made within one

year after the entry of the judgment or order or the date of the

proceeding.   Fed. R. Civ. P. 60(c)(1).   Here, the district court

denied Petitioner's previous petition for a writ of habeas

corpus on November 20, 1996.   Petitioner did not file the

instant motion until October 21, 2008, nearly twelve years

---

[1] In his reply brief, Petitioner asserts that he is also entitled
to relief pursuant to Federal Rule of Civil Procedure 60(b)(4).
The Court need not consider this argument because it was raised
for the first time in Petitioner's reply brief.   See Thomas v.
Roach, 165 F.3d 137, 145-46 (2d Cir. 1999).   Even so, the Court
would reject such a claim because Petitioner presents no
evidence that the judgment was void and instead attempts to
raise another impermissible direct attack on his criminal
conviction.

later.  Thus, to the extent that Petitioner's motion is asserted
under Rule 60(b)(3), it is untimely.

Rule 60(d) grants courts the power to "entertain an
independent action to relieve a party from a judgment" or "set
aside a judgment for fraud on the court."  If, however, a movant
could have pursued a timely Rule 60(b)(3) motion but inexcusably
failed to do so, the movant is precluded from relying on Rule
60(d) to bring his claims outside of Rule 60(b)(3)'s one-year
statute of limitations period.  See In re Lawrence, 293 F.3d
615, 622 n.5 (2d Cir. 2002); Campaniello Imports, Ltd. v.
Saporiti Italia S.p.A., 117 F.3d 655, 662 (2d Cir. 1997).  Here,
Petitioner could have pursued his present claims under Rule
60(b)(3) and has provided no justification for the nearly
twelve-year delay in doing so.  Therefore, the Court rejects
Petitioner's attempt to circumvent Rule 60(b)(3)'s one-year
limitations period.

Untimeliness aside, none of Petitioner's claims
address the integrity of the proceedings in which his petition
was denied.  Instead, Petitioner's present motion (1) seeks to
relitigate issues already properly disposed of during prior
habeas proceedings and (2) raises a new claim directly attacking

his underlying criminal conviction.[2]  These arguments are not the

proper subject of either a Rule 60(b)(3) or Rule 60(d) motion.

See Marmolejas v. United States, No. 05 Civ. 10693, 2010 WL

3452386, at *4 (S.D.N.Y. Sept. 2, 2010) ("Rule 60 may not be

used to challenge a movant's underlying conviction or sentence

after that movant's habeas petition attacking the same

conviction or sentence on the same basis has been denied."

(internal quotation marks omitted)); Meteor Ag v. Fed. Express

Corp., No. 08 Civ. 3773, 2009 WL 3853802, at *3 (S.D.N.Y. Nov.

18, 2009) ("New arguments may not be . . . made in a motion for

relief under Rule 60(b)." (citing Nemaizer v. Baker, 793 F.2d

58, 62 (2d Cir. 1986))); 11 Charles Alan Wright, Arthur R.

Miller & Mary Kay Kane, Federal Practice and Procedure § 2868

(2d ed. 2010) ("[An independent action] is not a remedy for

inadvertence or oversight by the losing party in the original

action, nor will it lie on behalf of a party who was himself at

fault." (citations omitted)).

---

[2] Petitioner's claims include: "(1) the government perpetrating a
fraud upon the Court which precluded a merits determination on
Petitioner's contentions; (2) the Court not making a merits
determination on Petitioner's Fed. R. Crim. P. 43(a) claim in
light of ineffective assistance of appellate counsel[;] and (3)
the Court erroneously denying Petitioner an evidentiary
hearing."  (Pet'r's Mem. Supp. Mot. at 1 [Dkt. No. 808 in 89
Crim. 346].)

First, with respect to Petitioner's claim that "the government perpetrat[ed] a fraud upon the Court which precluded a merits determination on Petitioner's contentions," Petitioner previously raised this precise argument on appeal of the dismissal of his habeas petition.  (See Reply Br. Appellant George Rivera at 5, Rivera v. United States, No. 97-2112 (2d Cir. Feb. 1998).)  The Court of Appeals found that this argument was without merit, see Rivera II, 1998 WL 513948, at *1,[3] and this Court will not revisit it.

Second, with respect to Petitioner's claim based upon "the Court not making a merits determination on Petitioner's Fed. R. Crim. P. 43(a) claim in light of ineffective assistance of appellate counsel," Petitioner never before raised an ineffective assistance of appellate counsel claim as to his substantive appeal.  Petitioner did not assert such a claim in his habeas petition nor did he raise the issue on appeal of the dismissal of said petition.  Thus, Petitioner is precluded from raising this new direct attack on his underlying conviction for the first time here.  See Meteor Ag, 2009 WL 3853802, at *3.

---

[3] Although the Court of Appeals did not explicitly address Petitioner's "fraud" argument in its summary order rejecting Petitioner's appeal, this is not a basis to assert that the arguments were not disposed of in the prior proceedings.  See United States v. Jones, 918 F.2d 9, 10-11 (2d Cir. 1990).

Finally, Petitioner's allegation that "the Court erroneously den[ied] Petitioner an evidentiary hearing" fails because petitions for a writ of habeas corpus are often denied without the need for an evidentiary hearing.  See United States v. Espinal, No. 91 Crim. 310, 2010 WL 23168, at *1 n.2 (S.D.N.Y. Jan. 5, 2010) (citing Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts). Petitioner's claim also fails because it is not an attack on the integrity of the prior habeas proceeding.  Instead, Petitioner merely attempts to tie this claim to his procedurally improper attack on the merits of his underlying criminal conviction.  See id.; see also In re Lindsey, 582 F.3d 1173, 1175 (10th Cir. 2009).

For the foregoing reasons, Petitioner's "Independent Action in Equity" pursuant to Rule 60(b)(3) or in the alternative pursuant to Rule 60(d) [Dkt. No. 808 in 89 Crim. 346] is DENIED in its entirety.  All outstanding motions are denied as moot.[4]  As Petitioner has not made a substantial

---

[4] Subsequent to the instant motion, Petitioner filed two motions to cure a deficiency in the court's docket [Dkt. Nos. 838 and 839 in 89 Crim. 346; Dkt. Nos. 18 and 19 in 94 Civ. 951].  The purpose of these motions was to ensure that Petitioner's reply to the instant motion, the Government's response thereto, and Petitioner's sur-reply are all reflected on the docket for purposes of preserving the record.  Petitioner's reply has already been filed on the habeas docket [Dkt. No. 15 in 94 Civ. (cont'd on next page)

showing of the denial of a constitutional right, a certificate

of appealability will not issue.  See 28 U.S.C. § 2253(c)(2);

United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any

appeal from this order would not be taken in good faith.  See

Coppedge v. United States, 369 U.S. 438, 444 (1962).

SO ORDERED.

DATED:    New York, New York
          May 21, 2012

                                     _Loretta A. Presley_
                                     UNITED STATES DISTRICT JUDGE

---

(cont'd from previous page)
951] and is being docketed in the underlying criminal case
simultaneously with the filing of this order.  The other two
documents were appended to Petitioner's second motion to cure a
deficiency in the record, which was filed in each case [Dkt. No.
839 in 89 Crim. 346; Dkt. No. 19 in 94 Civ. 951].  As such, the
record in each docket now accurately reflects the full briefing
on the instant motion.